UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TAASERA LICENSING, LLC,
PATENT LITIGATION                                                                                    MDL No. 3042


TRANSFER ORDER


**Before the Panel**:*  Plaintiff Trend Micro, Inc. (U.S.), moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California or, alternatively, the Southern District of New York.  This litigation consists of four actions as listed on Schedule A—two patent infringement actions in the Eastern District of Texas and one declaratory judgment action each in the Southern District of New York and the Northern District of Texas.  The defendants in the Eastern District of Texas actions (Check Point Software Technologies Ltd. and Trend Micro Incorporated (Japan)) both support the motion.  Palo Alto Networks, Inc., the plaintiff in the Southern District of New York action, opposes centralization and, alternatively, suggests the Southern District of New York as the transferee district.  The patentholder, Taasera Licensing LCC, opposes centralization, as does its corporate parent, Quest Patent Research Corporation, which is named as a defendant in the New York declaratory judgment action.  Taasera alternatively suggests centralization in the Eastern District of Texas.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Eastern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  At issue in this litigation are eleven patents owned by Taasera in the field of computer network security.[1]  Six of these patents are asserted in all four actions; three patents are asserted in three actions.  In its patent infringement actions, Taasera alleges that defendants' network security products, which protect computer systems from viruses and malware, infringe the patents.  In the declaratory judgment actions, plaintiffs seek a declaration that their network security products do not infringe the patents.  The actions can be expected to share factual questions concerning such matters as the technology underlying the patents, prior art, and claim construction.  Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to claim construction); and conserve the resources of the parties, their counsel, and the judiciary.

---

* Judge Roger T. Benitez did not participate in the decision of this matter.

[1] The asserted patents are:  U.S. Patent No. 6,842,796; U.S. Patent No. 7,673,137; U.S. Patent No. 8,127,356; U.S. Patent No. 8,327,441; U.S. Patent No. 8,850,517; U.S. Patent No. 8,955,038; U.S. Patent No. 8,990,948; U.S. Patent No. 9,071,518; U.S. Patent No. 9,092,616; U.S. Patent No. 9,608,997; and U.S. Patent No. 9,923,918.

The opposing parties' arguments against centralization are not persuasive. They point to the differences between both the accused products, which range from email scanners to internet firewalls, and likely infringement issues. Undoubtedly, there will be differences in how these products operate and how they allegedly implement the patents-at-issue. But all of the accused products operate in the same field of technology—computer network security. *Cf. In re RAH Color Techs. LLC Patent Litig.*, 347 F. Supp. 3d 1359, 1359–60 (J.P.M.L. 2018) (centralizing actions involving printers, print servers, and color imaging software as overlapping in the "field of color management technology"). Given the similarity in the infringement allegations by Taasera, we are persuaded that the overlap between the products is sufficiently substantial to merit centralization. *See In re Proven Networks, LLC, Patent Litig.*, 492 F. Supp. 3d, 1338, 1339 (J.P.M.L. 2020) ("[D]ifferences in the accused products and infringement allegations in the cases do not prevent centralization where common factual issues involving claim construction and patent invalidity are shared.").

The opposing parties also argue that alternatives to centralization—including both informal coordination and transfer of actions under the first-to-file rule and 28 U.S.C. § 1404—are available. To be sure, there are occasions where informal coordination of a handful of patent infringement actions may be practicable. Here, though, the actions involve complex technology patents that will require substantial time and effort by the courts when claim terms are construed. There are significant efficiencies to be gained, for both the parties and the judicial system, by having only one court oversee discovery relating to the common patents and conduct claim construction. *See In re Bear Creek Techs., Inc., ('722) Patent Litig.*, 858 F. Supp. 2d 1375, 1379–80 (J.P.M.L. 2012) ("[C]entralization offers substantial savings in terms of judicial economy by having a single judge become acquainted with the complex patented technology and construing the patent in a consistent fashion (as opposed to having six judges separately decide such issues)."). Further, the outcome of the pending motions to dismiss and/or to transfer remains too uncertain for us to conclude that they offer a reasonable prospect of eliminating the multidistrict character of this litigation. *Cf. In re Schnuck Markets, Inc., Customer Data Sec. Breach Litig.*, 978 F. Supp. 2d 1379, 1380–81 (J.P.M.L. 2013) (centralizing data breach actions where no transfer motions had been ruled upon and the procedural posture of the litigation rendered immediate centralization appropriate).

Finally, Taasera argues that the multidistrict nature of this litigation was manufactured by the declaratory judgment plaintiffs filing their actions in districts outside the Eastern District of Texas, where the patent infringement actions were already pending. Even so, we are faced with four actions pending in three districts that present common factual questions arising from multiple common patents and involving complex technology. The efficiency and convenience benefits of having a single judge streamline discovery and pretrial motion practice, as well as to conduct claim construction and construe the patents in a consistent manner, warrant centralization in this instance.

The Eastern District of Texas is an appropriate transferee district for this litigation. The two patent infringement actions on the motion, which were filed before the declaratory judgment actions, are pending in this district. We assign this litigation to the Honorable J. Rodney Gilstrap, who is well-versed in complex patent litigation, but has not yet had the opportunity to preside over

- 3 -

a multidistrict litigation. We are confident that Judge Gilstrap will steer this litigation on a prudent and expeditious course.

    IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Texas are transferred to the Eastern District of Texas and, with the consent of that court, assigned to the Honorable J. Rodney Gilstrap for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Dale A. Kimball |
| Madeline Cox Arleo | |

**IN RE: TAASERA LICENSING, LLC,**
**PATENT LITIGATION**                                MDL No. 3042

## SCHEDULE A

<u>Southern District of New York</u>

PALO ALTO NETWORKS, INC. v. TAASERA LICENSING LLC, ET AL.,
  C.A. No. 1:22−02306

<u>Eastern District of Texas</u>

TAASERA LICENSING LLC v. TREND MICRO INCORPORATED,
  C.A. No. 2:21−00441
TAASERA LICENSING LLC v. CHECK POINT SOFTWARE TECHNOLOGIES
  LTD., C.A. No. 2:22−00063

<u>Northern District of Texas</u>

TREND MICRO, INC. v. TAASERA LICENSING LLC, C.A. No. 3:22−00518